IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50721
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IAN JAMES HOLBS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-133
- - - - - - - - - -

August 17, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ian James Holbs, federal prisoner # 52761-080, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Holbs filed his § 2255 motion before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), he need not obtain a certificate of appealability to proceed on appeal. See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holbs contends that the district court failed to advise him of the mandatory minimum sentence, the statutory maximum sentence, the correct term of supervised release or the effect of supervised release, and the maximum possible fine as required by Fed. R. Crim. P. 11. Holbs also contends that his counsel was ineffective in that he failed to raise the district court's failure to comply with Rule 11 in the district court or on direct appeal.

Because Holbs pleaded guilty to conspiracy to manufacture over 100 grams of methamphetamine, he was subject to a mandatory minimum sentence of ten years, a statutory maximum sentence of life imprisonment, five years of supervised release, and a maximum possible fine of $4,000,000. 21 U.S.C. §§ 841(b)(1)(A), 846. The district court did not inform Holbs of the ten-year mandatory minimum sentence. Holbs' counsel did not raise the issue in the district court or on direct appeal. The Government raised the procedural bar in its response to Holbs' § 2255 motion. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992). Holbs established that his counsel's ineffectiveness was cause for his failure to raise the issue on direct appeal. See United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).

Although we do not know whether Holbs was familiar with his likely guideline sentence, without any adjustment for criminal history or any other factor, the guidelines provided for a minimum sentence of sixty-three months. Holbs' actual guideline range as computed by the PSR and adopted by the district court was 110 to 137 months. The district court imposed a sentence of

137 months.  Thus, even if we assume Holbs anticipated his true guideline range, he could have reasonably expected a sentence below the ten-year minimum.  Holbs has therefore adequately demonstrated that there is a reasonable probability that he would not have entered his guilty plea had he known of the ten-year minimum sentence.  Therefore, the district court's judgment is REVERSED and the case is REMANDED with instructions to vacate Holbs' conviction, to allow Holbs to withdraw his guilty plea, and to allow Holbs to enter a new plea.[2]

---

[2]    Because we remand with instructions to vacate Holbs' conviction, we need not reach Holbs' remaining claims.